# GARY TSIRELMAN, P.C.

ATTORNEYS AND COUNSELORS AT LAW

| | |
|---|---|
| Writer's email:  nbowers@gtmdjd.com | 129 LIVINGSTON STREET, SECOND FLOOR |
| Writer Admitted in:  New York; U.S. District Court, Eastern and Southern Districts of New York | BROOKLYN, NY 11201<br>718.438-1200 |

Honorable Judge Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Thursday, November 7, 2013

**Re:** **Government Employees Insurance Company et al. v. Five Boro Medical Equipment, et al., Case # 1:13-cv-03382-JBW-SMG, Pre-Motion Conference Request - Motion to Dismiss**

Dear Honorable Judge Weinstein:

Defendants Five Boro Medical Equipment, Inc., and Aleksander Firayner (hereinafter "Moving Defendants") in the above-captioned action currently before your Honor, request a pre-motion conference as per your rules, prior to the filing of a Motion to Dismiss and to Compel Arbitration pursuant to New York Insurance Law section 5106(b), U.S.C. 9 § 2, and Article III of the Constitution of the United States. The grounds for the planned Motion to Dismiss and compel arbitration are as follows.

## I. The Causes of Action Asserted By Plaintiffs

Plaintiffs are Government Employees Insurance Company (hereinafter "GEICO") and associated subsidiary insurance companies which provide No-Fault automobile insurance policies to customers in New York. Under the No-Fault regulation scheme in New York, when such customers are injured in automobile accidents, they may assign their right to seek No-Fault reimbursement from Plaintiffs to providers of medical services and products. The medical facilities and medical product retailers are then authorized to seek reimbursement as assignees of the injured insureds.

Moving Defendants provide medical equipment and supplies prescribed by medical professionals to Plaintiffs' customers in exchange for the right to seek payment from Plaintiffs for such equipment and supplies. No-Fault bills such as those at issue in the instant suit are the subject of extensive litigation in the New York City Civil Courts. This litigation in Civil Court is part and parcel of New York's statutory and regulatory No-Fault regime. Plaintiffs, however, have elevated its dispute over No-Fault claims to this Court and have dressed up common defenses to non-payment of No-Fault claims as a massive racketeering scheme. Plaintiffs accuse Defendants herein of misrepresenting in its bills to Plaintiffs the amount it paid for each and every device for which Defendants sought reimbursement from Plaintiff, which led Plaintiffs to pay Defendants more than required by No-Fault regulations and statutes.

## II. Defendants Have a Right to Compel Arbitration of Plaintiffs' Declaratory Judgment Cause of Action

Defendants will move to dismiss and to compel arbitration of the claims contained in Plaintiffs' Complaint.  Defendants seek to exercise their right to elect the arbitration of such issues[1] pursuant to New York Insurance Law section 5106(b).[2]

Defendants' possess the right to submit "any dispute" to arbitration pursuant to Insurance Law section 5106(b).[3] This right entitles Defendants to elect arbitration of causes of action and underlying issues in dispute. Because Plaintiffs did not raise these issues or causes of action previously in any litigation filed by any Defendant in order to pursue payment on the individual No-Fault claims at issue herein, this action is Defendants' first opportunity to elect arbitration of these issues. Judges in the Eastern District of New York have previously ruled that section 5106(b) permits the arbitration of claims "[insurers] have not yet paid." Allstate Ins. Co. v. Lyons, 843 F.Supp.2d 358, 380-81 (E.D.N.Y. 2012).[4] In this case, Plaintiffs' declaratory judgment cause of action concerns such unpaid claims and thus falls squarely within the obligations set forth in New York Insurance Law section 5106(b). Lyons 843 F.Supp2d at 380-81.

Moving Defendants will also move to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 2, et seq., which requires arbitration should Defendants so choose. The relevant provision states, "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id.  Each allegedly fraudulent bill was submitted pursuant to an insurance contract containing language allowing Defendants to elect to arbitrate disputes related the payment of claims. Thus, the Federal Arbitration Act requires arbitration of Plaintiffs' declaratory judgment cause of action.

## II. Plaintiffs' Causes of Action Are Subject to Dismissal Because Plaintiffs Common Law Claims for Fraud and Unjust Enrichment Are Moot Under Article III

Moving Defendants will seek dismissal of Plaintiffs' Common Law Fraud and Unjust Enrichment causes of action as moot because Moving Defendants have tendered to the Plaintiffs the entire amount alleged as damages in Paragraph 1, *inter alia*, of the Complaint. Attached

---

[1]  These issues include: (1) whether Defendants billed Plaintiffs in accordance with the fee schedule; (2) the legitimacy of the billing codes used by Defendants when billing Plaintiffs; (3) whether Defendants provided medical equipment to injured customers for whom Defendants billed Plaintiffs; and (4) the cost of equipment not covered by the relevant fee schedules Defendants provided to injured customers.

[2]  "Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer's liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise pursuant to subsection (a) of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent."

[3]  See id.

[4]  The Court denied insurers' motion to stay pending arbitration proceedings, and granted medical services corporation's motion to dismiss the suit, holding that claim of fraudulent incorporation did not preclude medical services corporation from demanding arbitration pursuant to Insurance Law section 5106(b), since "the defense of fraudulent incorporation is for the arbitrator and not for the courts."

hereto as Exhibit 1 are a copy of a check made out to Plaintiffs for the amount of $20,450.00 and the accompanying affidavit of mailing.

     Article III of the United States Constitution restricts the power of federal courts to adjudicating actual "Cases" and 'Controversies." U.S. Const. art. III, § 2, cl. 1. The Supreme Court of the United States has long held that, under Article III, "a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Murphy v. Hunt, 455 U.S. 478, 481 (1982) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). Furthermore, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 478 (1990) (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). Finally, a case becomes moot "when it is impossible for a court to grant 'any effectual relief whatever to the prevailing party.'" Knox v. Serv. Employees Int'l Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) (quoting Erie v. Pap's A.M., 529 U.S. 277, 287 (2000)). Such is the case here in regards to Plaintiffs' Common Law Fraud and Unjust Enrichment causes of action.

     Plaintiffs may argue that their claim for punitive damages survives payment of the alleged principal damages of $20,450. However, it is well-settled law in New York that punitive damages are inappropriate when "only a private wrong, and not a public right, is involved." Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 358 (1976). Here, there is no public right involved in the fraud alleged by Plaintiffs. Rather, Plaintiffs alleges a series of private wrongs. Rather, the alleged wrongs are congruent with a claim of breach of contract, as the Moving Defendants' right to bill Plaintiffs arises solely out of assigned rights under No-Fault contracts issued by Plaintiffs. The Second Circuit has recognized that this is the applicable law in New York, holding that "punitive damages are not recoverable for breach of contract where, as here, the wrongful conduct is not directed at the public at large." TVT Records v. Island Def Jam Music Grp., 412 F.3d 82, 88 (2d Cir. 2005). Thus, Plaintiffs' punitive damages claims do not survive payment of the alleged principal damages.

     Moving Defendants' payment of the alleged damages renders the court unable to grant effectual relief on the underlying state common law claims, as Moving Defendants have paid exactly what Plaintiffs seek. Plaintiffs have thus been made whole as to the Fraud and Unjust Enrichment claims and thus no longer have a "personal stake in the outcome of the lawsuit." Lewis 494 U.S. at 478. These causes of action must therefore be dismissed.

     Thank you for your consideration of this letter.

cc: All counsel via ECF                                               Respectfully,

                                                                      /s/
                                                               Nicholas Bowers
Dated: November 7, 2013                      Counsel for Moving Defendants
                                                                Gary Tsirelman P.C.
                                                                129 Livingston, 2nd Floor
                                                                Brooklyn NY 11201