

JUSTIN A. CALABRESE
(516) 357-3565
Justin.calabrese@rivkin.com

November 13, 2013

**Via ECF**
Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>Re: Government Employees Insurance Co., et al. v. Five Boro Medical Equipment, Inc., et al.
>Docket No.: 13-cv-03382 (JBW) (SMG)
>Our File No.: 5100-00650

Dear Judge Weinstein:

We represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "GEICO") in this matter and we write in response to the letter requesting a pre-motion conference filed by Defendants Five Boro Medical Equipment, Inc. and Aleksander Firayner. See Docket Entry No. 17. As set forth more fully herein, the grounds advanced by the Defendants for their proposed motion lack merit and, therefore, the Defendants' request for a pre-motion conference should be denied.

The Defendants' proposed motion to dismiss and to compel arbitration lacks merit for multiple, independent reasons. First, under analogous circumstances, multiple Courts within this District – including this Court – have rejected virtually identical motions to compel arbitration of an insurers' civil RICO, common law fraud, and unjust enrichment claims, which sought to recover no-fault payments that the insurers made in reliance on fraudulent misrepresentations in billing submitted through various healthcare providers. See, e.g., Gov't Emples. Ins. Co. v. Five Boro Psychological Servs., P.C., 2013 U.S. Dist. LEXIS 53888 at * 23 - * 28 (E.D.N.Y. 2013)(Gleeson, J.); Gov't Emples. Ins. Co. v. Grand Med. Supply, Inc., 2012 U.S. Dist. LEXIS 92469 at * 15 - * 20 (E.D.N.Y. 2012)(Cogan, J.); Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243, 262-263 (E.D.N.Y. 2012)(Weinstein, J.); Allstate Ins. Co. v. Khaimov, 2012 U.S. Dist. LEXIS 26409 at * 8 - * 11 (E.D.N.Y. 2012)(Gleeson, J.); Allstate Ins. Co. v. Lyons, 843 F. Supp. 2d 358, 376-379 (E.D.N.Y. 2012)(Gleeson, J.).

926 RXR Plaza
Uniondale, NY 11556-0926
T 516-357-3000
F 516-357-3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460
F 201.489.0495

It is worthwhile to note that the law firm representing the Defendants in the present case also represented a number of the moving defendants in Lyons and Khaimov; it is difficult to understand why they persist in seeking to compel arbitration of GEICO's affirmative common law fraud and unjust enrichment claims when they are aware that these types of claims repeatedly have been deemed inarbitrable.

Second, although some Courts within this District have held an insurer's claim for declaratory relief to be arbitrable (see, e.g., Grand Med. Supply, Inc., supra), in the present case the Defendants have waived any right to arbitrate a substantial portion of GEICO's declaratory judgment claim by commencing and prosecuting litigation on their pending claims. See Excel Imaging, P.C., supra ("Under New York law, a party commencing an action will be assumed to have waived its right to arbitration when its use of the judicial process is 'clearly inconsistent' with seeking arbitration at a later date."); see also Five Boro Psychological Servs., P.C., supra.

Third, considerations of judicial economy and the need to avoid inconsistent results militate strongly against arbitration of any of GEICO's claims in the present case, including its declaratory judgment claim. Authority from this Court and New York State Courts has favored staying arbitration of pending no-fault claims and consolidating those arbitral proceedings with declaratory judgment actions in the interest of judicial economy and to avoid inconsistent results. See GEICO v. Damien, et al., Docket No. CV 10-5409 (SLT)(restraining defendants from commencing or prosecuting pending claims through state court litigation or arbitration pending resolution of federal action); see also GEICO Ins. Co. v. Williams, 2011 NY Slip Op 30326U at *10 -*11 (Sup. Ct. Nassau Cty. 2011)(staying all pending No-Fault arbitrations pending the outcome of declaratory judgment action "in the interests of judicial economy" and due to the possibility of "significantly varying outcomes."); AIU Ins. Co. v. Deajess Med. Imaging, P.C., 24 Misc. 3d 161, 166 (Sup. Ct. Nassau Cty. 2009)(staying arbitration of unpaid claims and consolidating them with the declaratory judgment action); Safeco Ins. Co. of Ind. v. Morel, 2009 NY Slip Op 32187U at *3 -*4 (Sup. Ct. Nassau Cty. 2009)(staying pending arbitrations because a single, declaratory judgment action was the most efficient means to resolve the dispute). In fact, this Court reached this very conclusion in Excel Imaging, noting that "[p]ermitting these individual claims to proceed to arbitration while [the plaintiffs'] claim for a declaratory judgment remains pending in this court puts the plaintiffs at significant risk of multiple judgments that may be inconsistent with the ultimate decision in this case." Excel Imaging, 2012 U.S. Dist. LEXIS 86303, at *32 (Weinstein, J.).

The Defendants also take the position that the mere issuance of a check for the compensatory relief sought, and nothing more, renders GEICO's claims for fraud and unjust enrichment moot. However, Defendants are mistaken because: (i) GEICO and Defendants never engaged in any settlement discussions that would have satisfied GEICO's claims; (ii) in addition to the amount sought in the Complaint, GEICO's seeks compensatory damages, punitive damages and interest that were not tendered by the Defendants; and (iii) despite the $20,000 payment, GEICO was exposed to more than $600,000 in fraudulent claims. In sum, the payment is nothing more than an underhanded attempt by the Defendants to clean their hands yet saddle GEICO with the burden of defending the remaining $584,000 in pending fraudulent claims. Thus, despite the payment, GEICO certainly retains a cognizable interest in the outcome of its fraud and unjust enrichment claims asserted against the Defendants.

Finally, "a [D]efendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior [that Plaintiff has brought suit for] could not reasonably be expected to recur." Already, LLC v. Nike, Inc., 133 S.Ct. 721, 727 (2013) (quoting Friends

of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190 (2000)) (citations omitted). Here, the Defendants have not demonstrated in any way – let alone carried their formidable burden to demonstrate – that they will end the scheme and not seek reimbursement on the thousands of currently pending fraudulent claims submitted to GEICO. In fact, the Defendants are presently prosecuting claims against GEICO for payment of fraudulently submitted bills. This alone demonstrates that Defendants have no intention of ending their wrongful behavior and therefore, GEICO's claims for fraud cannot be considered moot.

For the reasons set forth herein, the Defendants' proposed motion lacks merit and they should be denied leave to make it.

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP

                                      *S/*
                                      Justin A. Calabrese

cc:     All counsel via ECF

JAC/dr